JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-6748
    melissa.k.brown@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MALINDA DOTSON, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>     Defendant. ) <br> _____ ) | No. C 08-01861 JCS <br><br> **FEDERAL DEFENDANT'S MOTION TO DISMISS** <br><br> Date: June 6, 2008 <br> Time: 9:30 a.m. <br> Location: Courtroom A, 15th Floor |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on Friday June 6, 2008 at 9:30 a.m., or as soon thereafter as may be heard, defendant United States, through its attorney of record, will request the Magistrate Judge Joseph C. Spero, in Courtroom A, 15th Floor at 450 Golden Gate Avenue in San Francisco, California, pursuant to Federal Rules of Civil Procedures 12(b), to dismiss the complaint as it applies against Dr. Elena Furrow, an employee of the Open Door Community Health Centers, which is a federally deemed health center under the Federally Supported Health Centers Assistant Act ("FSHCAA").  42 U.S.C. § 233 (g)-(n).   First, this motion will be made on the ground that Dr. Furrow is not a proper defendant and is immune from suit in that she was acting within the scope of her employment regarding the events alleged in this suit.  Under the Federal Tort Claims Act, 28 U.S.C. § 2470, et seq. ("FTCA"), the United States is the only

FEDERAL DEFENDANT'S MOTION TO DISMISS
C 08-01861 JCS

1 proper defendant and should be substituted for Dr. Furrow. *See* 28 U.S.C. § 2679(a).

2 This motion is also made on the grounds that this Court lacks subject matter jurisdiction as to plaintiff's potential claim against the United States because she has not exhausted her administrative remedies. Specifically, plaintiff has not complied with the requirements of the FTCA in that her claim has been pending with the agency for less than six months and has not been denied. *See* 28 U.S.C. § 2675. Instead, she filed suit prior to submitting her administrative claim. Accordingly, this case has been prematurely filed and should be dismissed without prejudice for lack of subject matter jurisdiction.

This motion is based upon all the papers and records currently on file in the above-captioned matter, the Declaration of Meredith Torres filed herewith and any additional evidence and argument that this court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff, Malinda Dotson, ("Plaintiff") seeks to hold defendant Elena Furrow, M.D. ("Dr. Furrow"), among others, liable for the alleged failure to diagnose and treat her for "deep vein thrombosis" during the period of August 5, 2006 through September 2006. Plaintiff's suit is premature.

Dr. Furrow is an employee of the Open Door Community Health Centers. The Open Door Community Health Centers is a federally deemed health center under the Federally Supported Health Centers Assistant Act ("FSHCAA"). 42 U.S.C. § 233 (g)-(n). Pursuant to the FSHCAA, a deemed health center and its employees are covered under the FTCA for alleged acts of negligence while acting within the course and scope of their employment. Pursuant to the FTCA, in order for a court to have subject matter jurisdiction over a claim, the plaintiff must first file an administrative claim with the proper agency. A plaintiff must then either await final agency disposition, or allow six months to pass before filing a claim in federal court.

Plaintiff filed her administrative claim in February 2008. The agency has not issued a final disposition. Therefore, Plaintiff's law suit is premature and the Court lacks subject matter jurisdiction. Accordingly, Plaintiff's complaint should be dismissed.

**RELIEF SOUGHT**

The moving party seeks an order dismissing this action without prejudice due to lack of subject matter jurisdiction because Plaintiff's claim is premature under the FTCA.

**ISSUES PRESENTED**

Whether Plaintiff's complaint should be dismissed due to a lack of subject matter jurisdiction, because she filed this action before final agency disposition, and before allowing six months to pass as required by the FTCA, which provides the exclusive waiver of sovereign immunity for tort claims by the United States.

**STATEMENT OF FACTS**

Plaintiff, alleges that on or about August 5, 2006 through September 2006, Dr. Furrow failed to properly diagnose and treat her medical condition, "deep vein thrombosis." Complaint at ¶¶11-12. Plaintiff claims to have suffered injuries and damages according to proof. *Id*. at ¶¶ 13-14.

Dr. Furrow was an employee of the Open Door Community Health Centers at all times relevant to Plaintiff's claim. Declaration of Meredith Torres ("Torres Decl") at ¶6. The Open Door Community Health Centers is a federally deemed health center under the Federally Supported Health Centers Assistant Act ("FSHCAA"). 42 U.S.C. § 233 (g)-(n). *Id*. at ¶5. The Open Door Community Health Centers was deemed eligible for FTCA malpractice coverage effective February 1, 1999. *Id*.

On February 19, 2008, Plaintiff filed an administrative claim with the Department of Health and Human Services ("DHHS") regarding her claim. Torres Decl at ¶4. No final disposition has been made regarding Plaintiff's claim. *Id.*

**ANALYSIS**

**A. Legal Standards under Rules 12(b)**

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. *Id.* at

1039 n.2. "[A] motion to dismiss for lack of subject-matter jurisdiction may either attack the allegations of the complaint or may be made as 'speaking motion' attacking the existence of subject-matter jurisdiction in fact." *Thornhill Publishing Co. v. General Telephone & Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

When a challenge to subject matter jurisdiction is made as a speaking motion, a court may consider extrinsic evidence such as affidavits to resolve a factual dispute regarding subject matter jurisdiction. *Mayes v. Fujimoto*, 181 F.R.D. 453, 455 (D. Hawaii 1998). Moreover, "the consideration of such evidence does not convert a motion to dismiss into one for summary judgment nor does it go to the merit of the claim." *Id*. at 455.

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (quoting *Conley v. Gibson*, 353 U.S. 41, 45-46(1957)).

### B. Plaintiff Has Not Complied with the Requirements of the FTCA.

The United States is a sovereign and cannot be sued without its consent. *United States v. Sherwood,* 312 U.S. 584 (1941); *Gould v. U.S. Dept. of Health & Human Services,* 905 F.2d 738, 741 (4th Cir. 1990). Moreover, the terms of that consent define a federal court's jurisdiction to entertain such suit. *United States v. Testan,* 424 U.S. 392 (1976). Pursuant to the FSHCAA, a deemed health center and its employees are covered under the FTCA for alleged acts of negligence while acting within the course and scope of their employment.

The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or employees acting within the scope of their employment. *Smith v. United States,* 507 U.S. 197 (1993) *citing* 28 U.S.C. §1346(b). All limits and conditions within the FTCA are to be strictly construed in favor of the sovereign. *McNeil v. United States,* 508 U.S. 106, 124 L.Ed. 2d 21, 113 S. Ct. 1980 (1983); *Orleans,* 425 U.S. at 807; *Thigpen v. United States,* 800 F.2d 393 (4th Cir. 1986).

The United States is the only proper party defendant in an FTCA action. 28 U.S.C. § 2679(a); *Kennedy v. United States Postal Service*, 145 F.3d 1077 (9th Cir. 1998) (per curium)).

1  Moreover, a key prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident, *see* 28 U.S.C. § 2401(b), and that the federal agency either finally denies the claim or fails "to make final disposition of a claim withing six months after it is filed. . ." *see* 28 U.S.C. § 2675(a).[1]

Here, plaintiff filed suit against the wrong defendant and filed suit prematurely by failing to allow the federal agency six months to make a final disposition of her claim. Because Plaintiff has failed to satisfy the jurisdictional exhaustion requirement her complaint should be dismissed. *McNeil v. United States,* 508 U.S. at 113.

## **CONCLUSION**

This Court should dismiss plaintiff's claims against Dr. Furrow because she is not the proper defendant. *See* 28 U.S.C. § 2679.

Plaintiff's claim against the United States should be dismissed without prejudice for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 2875(a), plaintiff must allow the federal agency six months to act on his administrative claim before filing suit.

DATED: April 24, 2008              Respectfully submitted,

                                   JOSEPH P. RUSSONIELLO
                                   United States Attorney

                                   s/ Melissa Brown
                                   _____
                                   MELISSA K. BROWN
                                   Assistant United States Attorney

---

[1] Section 2675(a) states, in relevant part,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting withing the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . .

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Malinda Dotson,  )<br>  )<br>  )<br>　　　　Plaintiff,  )<br>  )<br>　　　v.  )<br>  )<br>St. Joseph Hospital of Eureka,  )<br>Frank Zazueta, M.D.,  )<br>Megan E. Hamreus, D.O.,  )<br>Christopher Wallace, M.D.,  )<br>Alexander Strachan, M.D.,  )<br>William Koch, M.D.,  )<br>Elena Furrow, M.D.,  )<br>and Does 1 through 25, Inclusive,  )<br>  )<br>  )<br>　　　　Defendants.  )<br>  ) | Case No. |

DECLARATION OF
MEREDITH TORRES

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

-2-

3. As a consequence, if a tort claim had been filed with the Department with respect to Open Door Community Health Centers, its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found that an administrative tort claim had been filed on February 19, 2008, by James A. Zito, Esq., authorized representative for Malinda Dotson relating to Open Door Community Health Centers and Elena Furrow, M.D. To date no final disposition has been made and the plaintiff has not exhausted her administrative remedies.

5. I have also reviewed official agency records and determined that Open Door Community Health Centers was deemed eligible for Federal Tort Claims Act malpractice coverage effective February 1, 1999, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Open Door Community Health Centers are attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Elena Furrow, M.D., was an employee of Open Door Community Health Centers at all times relevant to the Plaintiff's claim.

-3-

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 19th day of March, 2008.

*Meredith Torres*
MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services